FILED
2005 Mar-31  PM 05:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **HAROLD J. BETTS**, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil Action Number: |
| **vs.** ) | **2:00-cv-8025-UWC-RRA** |
| ) | Criminal Action Number: |
| ) | **2:95-cv-131-UWC-RRA** |
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

The Court has considered the entire file in this action, together with the Magistrate Judge's Report and Recommendation, and the Petitioner's objections. The Court has reached an independent conclusion that the Magistrate Judge's Report and Recommendation ("R&R") is due to be approved.

I.

A one-year statute of limitations is applicable to 28 U.S.C. § 2255 ("§ 2255") actions. This one-year statute of limitations begins to run on the date on which a conviction becomes final, or the date of the removal of a constitutionally prohibited,

Government-created impediment to a petitioner's filing of a § 2255 motion.[1] *Goodman v. United States,* 151 F.3d 1335 (11th Cir. 1998).

It is undisputed that Petitioner did not file the instant motion to vacate his conviction and sentence within one year after his conviction became final. His judgment of conviction became final on January 29, 1997.

## II.

Petitioner contends that he was prevented from filing this action within a year of the final judgment by his reliance on an Assistant United States Attorney's ("AUSA") unfulfilled promise to file a motion for reduction of his sentence, pursuant to F. R. Crim. P. 35(b). Petitioner maintains that on January 7, 1998, he testified before a grand jury as a part of his ongoing cooperation with the government; and that in return, AUSA Chambers promised to file a "substantial assistance" motion. The motion was never filed. Plaintiff says that in reliance on this promise, he elected not to file the § 2255 motion.

Assuming *arguendo* that the unfulfilled promise and reliance thereon arise to constitutional dimensions, Petitioner's position is belied by the facts.

---

[1] There are two other "trigger" dates for the running of the statute of limitations, but they are not applicable in this case. *See* 28 U.S.C. § 2255 (3) -(4).

III.

Petitioner's grand jury testimony was given twenty-two days before the expiration of the one-year statute.  There is no indication in the record that Plaintiff or his lawyer was considering filing a § 2255 motion at that time.  During his grand jury appearance, the following exchange occurred:

>	MR. CHAMBERS	. . . What I want to do is just get a few things straight on the record before we talk.
>		What I want you to understand is that I cannot and will not and have not made any promises to you about any reduction in your sentence that may come about.
>		What I have promised you, and you tell me if I'm wrong or if you understand something differently – what I have promised you is that if you do cooperate, the United States will make a Motion For Reduction of Sentence, and we'll do that, but we cannot guarantee that such a motion may be granted as you were sentenced some time ago.
>
>	MR. BETTS:	Yes.
>
>	MR. CHAMBERS:	Is that your understanding of it?
>
>	MR. BETTS:	Yes, sir.

Tr. of G. Jury Hr'g.

As a part of his unwritten cooperation agreement, Plaintiff was expected to testify at the trial of whomever was indicted.[2]

---

[2] On August 30, 2001, the grand jury indicted Ronnie G. Nickson. (N.D. Ala. Case No. CR 01-H-0371-S). Trial was set for January 22, 2002, but two and a half weeks before the scheduled trial, Nickson entered a guilty plea.

Ten days after Petitioner's grand jury testimony, the Eleventh Circuit rendered *United States v. Orozco,* 160 F.3d 1309 (11th Cir. 1998), which held that the one-year time period in which the Government may file a motion for reduction of sentence is a jurisdictional requirement. 160 F.3d at 1313.

On January 26, 2000, AUSA L. James Weil wrote to Petitioner's counsel. In the letter, he advised that while the Government was still willing to file a sentence reduction motion after Plaintiff testifies at trial, *Orozco* would likely require a denial of the motion. He summarized:

> . . . I want to let your client know that we still value his cooperation and want to work with him if he is still willing to testify at a future trial. A reduction of his sentence, however, is probably not going to occur because it is time barred. If there is administrative relief that he seeks through the Bureau of Prisons, I am more than willing to assist you in that regard.

Doc. 133, Ex. B.

By the time of this letter, although Petitioner had not completed his cooperation with the Government by testifying at trial, the final judgment in his case was a few days shy of two years old.

There is no credible evidence that either an AUSA or Petitioner's counsel had any discussion with Petitioner at anytime concerning a motion to vacate his sentence.

IV.

Under these facts, two legal conclusions are inescapable: 1) Petitioner was not prevented from timely filing a § 2255 motion by an impediment created by Government action in violation of the Constitution or laws of the United States; and 2) this action was filed more than one year after the date on which his judgment of conviction became final.

Based on these facts and the applicable law, the Report and Recommendation of the Magistrate Judge is due to be approved and the petition dismissed.

It will be done by separate order.

Done this 31st day of March, 2005.

_____
U.W. Clemon
Chief United States District Judge